**FORM 104 (10/06)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> HEFFNER, KEITH ALLEN <br> HEFFNER, LESLIE STIDHAM | **DEFENDANTS** <br> BANK OF AMERICA, N.A. <br> JOSEPH C. DELK, III <br> BRANCH BANKING & TRUST COMPANY |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br><br> O. MAX GARDNER, III <br> P.O. BOX 1000 <br> SHELBY, NC 28151-1000 | **ATTORNEYS** (If Known) <br><br> SEAN CORCORAN <br> BROCK & SCOTT, PLLC <br> ATTORNEYS FOR BANK OF AMERICA, N.A. <br> 5121 PARKWAY PLAZA DR., SUITE 300 <br> CHARLOTTE, NC 28217 <br><br> R. KEITH JOHNSON <br> ATTORNEY FOR BRANCH BANKING & TRUST COMPANY <br> SUITE 600 BUILDERS BUILDING <br> 312 W. TRADE STREET <br> CHARLOTTE, NC 28202 |
| **PARTY** (Check One Box Only) <br> X Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> X Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING AND FOR DECLARATORY JUDGMENT

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - §542 turnover of property
☐ 12- Recovery of money/property - §547 preference
☐ 13- Recovery of money/property - §548 fraudulent transfer
☐ 14- Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner-§363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability-§523(a)(4),fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 63-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
**1** 91-Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
**2** 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) Stay Violation NCUDAP and FDCPA

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $TO BE DETERMINED BY THE COURT |
| Other Relief Sought | |

**FORM 104 (10/06), Page 2**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>HEFFNER, KEITH ALLEN AND LESLIE STIDHAM | | BANKRUPTCY CASE NO.<br>06-40445 |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF NORTH CAROLINA | DIVISIONAL OFFICE<br>SHELBY | NAME OF JUDGE<br>MARVIN R. WOOTEN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>0/23/2007 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>O. MAX GARDNER, III | |

## INSTRUCTIONS

The filing of a bankruptcy case creates and "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing a adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs this information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

IN THE MATTER OF:

| NAME(S): | HEFFNER, KEITH ALLEN<br>HEFFNER, LESLIE STIDHAM | CHAPTER 13 NO. 06-40445<br>OUR FILE NO. 11935-B |
|---|---|---|
| ADDRESS: | 277 HOOPAUGH AVE.<br>ELLENBORO, NC 28040 | |
| SSN: | --- -- 1840 & --- -- 1007 | |

**DEBTOR(S)**
_____

KEITH ALLEN HEFFNER and wife,                    Adv. Proc. No. 07- _____
LESLIE STIDHAM HEFFNER

　　　　　　　　　　**Plaintiffs,**

　　versus

BANK OF AMERICA, N.A.
JOSEPH C. DELK, III AND
BRANCH BANKING & TRUST COMPANY

　　　　　　　　　　**Defendants.**
_____

**Complaint Seeking Damages in Core Adversary Proceeding
And For Declaratory Judgment**

**Introduction**

　　1.　　This is an action for actual and punitive damages filed by the debtors pursuant to Section 362 of the Bankruptcy Code, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA") and legal malpractice.

　　2.　　This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

　　3.　　This is also an action for a Declaratory Judgment as to the priority status of two Deeds of Trust encumbering the debtors' residential real property.

**Jurisdiction and Venue**

　　4.　　Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

1

5.	This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Western District of North Carolina on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

6.	This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

7.	This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

8.	This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

9.	Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

10.	The Plaintiffs in this case were and are debtors under Chapter 13 of Title 11 of the United States Code in case number 06-40445, which case is presently pending before this court. The Plaintiffs are hereinafter referred to as the Plaintiffs or the debtors.

11.	The Defendant, Bank of America, N.A. ("BOA") is a national banking institution with a principal office address of 100 N. Tryon St., Charlotte, NC 28255

12.	Upon information and belief the Defendant Joseph C. Delk, III ("Delk") is a lawyer, citizen and resident of Caldwell County, North Carolina, with a principal law office located at 1002 West Avenue NW, Lenoir, NC 28645.

13.	The Defendant Branch Banking & Trust Company ("BB&T") is a banking corporation organized and existing under the laws of the State of North Carolina, with a principal office address of 200 W. Second Street, Winston-Salem, NC 27101.

## Factual Allegations

14.	On or about July 28, 2000, the Plaintiffs executed a Deed of Trust in favor of BOA in the amount of $83,414.80.  The said Deed of Trust was recorded at Book 0599, Page 0360 of the Rutherford County Registry on August 2, 2000.

15.	Upon information and belief, the subject debt paid off a first deed of trust in favor of Midland Mortgage and an equity line of credit deed of trust in favor of BB&T.

16.	The BOA loan was closed by the Defendant Delk on July 25, 2000.

17.	Defendant Delk failed to provide BB&T with a "close out letter" along with the settlement check to cancel the home equity line of credit.

2

18. The BB&T home equity line of credit deed of trust therefore remained open, recorded at Book 0590, Page 0701 of the Rutherford County Registry on April 10, 2000, prior to the August 2, 2000 recording of the BOA deed of trust.

19. BB&T thereafter extended several thousand dollars in credit to the debtors and the equity line of credit has a current outstanding and unpaid balance of approximately $31,000.00.

20. The Chapter 13 case of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on August 13, 2006.

21. The 341(a) meeting of creditors was held in Shelby, North Carolina on September 15, 2006.

22. The Chapter 13 plan of the Plaintiffs was subsequently confirmed by order of this Court dated October 6, 2006, without objection by any of the Defendants.

23. The Chapter 13 plan as confirmed included the secured debt to BOA, identified as a first deed of trust, in the amount of $70,969.65 for the mortgage and $4515.86 for arrears through August, 2006.

24. The Chapter 13 plan as confirmed also included the secured debt to BB&T, which was misidentified by the Plaintiffs as a second deed of trust, in the amount of $29,799.70. This misidentification was based on representations made by Delk that the original Deed of Trust had been canceled in at the closing on July 25, 200.

25. The claims of BOA are currently identified on the records of the Trustee as claim numbers 0007 (mortgage) and 0011 (arrears in the amount of $7449.70).

26. The claim of BB&T is currently identified on the records of the Trustee as claim number 0012 in the amount of $30,243.62.

27. Upon information and belief, on August 10, 2006, three days before the debtors filed their bankruptcy case, Defendant Delk sent a facsimile to BB&T requesting it to close the equity line of credit based and forward the necessary documents to the Rutherford County Register of Deeds for cancellation. Attached to the facsimile was a "close out letter" purportedly signed by the debtors.

28. Upon information and belief, at some point in October of 2006 Defendant Delk sent a letter to BB&T requesting BB&T to subordinate its deed of trust to BOA. The Plaintiffs allege that this was an attempt on the part of Defendant Delk to obtain an improper preference for BOA.

29. The debtors are informed and believe and therefore allege that the actions of Delk in failing to have BB&T's equity line of credit cancelled at the closing held on July 25, 2000, failed to comply with the minimum standards of practice for attorneys who are engaged in the practice of residential real property law and that the debtors have suffered actual and punitive damages and a proximate result thereof.

30. The Plaintiffs have further been harassed and damaged by the actions of Defendants BOA and Delk in that they have been and continue to be forced to expend their time and expenses toward the defense of this contested matter and have feared losing their home. The Plaintiffs also allege that the actions of Delk were taken in willful violation of the automatic stay and the bankruptcy process.

## First Claim for Relief
### (Violation of the Automatic Stay)

31. The allegations in paragraphs 1 through 30 of this complaint are realleged and incorporated herein by this reference.

32. The actions of the Defendants BOA and Delk in attempting to control property of the estate in bankruptcy and seeking to obtain an improper preference constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

33. As a result of the above violations of 11 U.S.C. Section 362, the Defendants BOA and Delk are liable to the Plaintiffs for actual damages, punitive damages and legal fees.

## Second Claim for Relief
### (Fair Debt Collection Practices Act)

34. The allegations in paragraphs 1 through 33 of this complaint are realleged and incorporated herein by this reference.

35. The Defendants BOA and Delk violated the FDCPA. Defendants' violations include but are not limited to contacting debtors known to be represented by an attorney in connection with the collection of a debt, 15 U.S.C. Section 1692c.

36. As a result of the above violations of the FDCPA, the Defendants BOA and Delk are liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, and attorney's fees.

## Third Claim for Relief
### (Legal Malpractice)

37. The allegations in paragraphs 1 through 36 of this complaint are realleged and incorporated herein by this reference.

38. It is standard and customary practice for any attorney involved in a closing of real estate transactions to take necessary and appropriate steps to cancel a home equity line of credit when refinancing a mortgage loan.

39. The actions of Delk in failing to have BB&T's equity line of credit cancelled at the closing held on July 25, 2000, failed to comply with this standard and customary practice and constitutes legal malpractice.

40. The debtors have suffered actual and punitive damages and a proximate result thereof.

41. Defendant Delk are liable to the Plaintiffs for actual damages, punitive damages and legal fees.

## Fourth Claim for Relief
### (Declaratory Judgment)

42. The allegations in paragraphs 1 through 41 of this complaint are realleged and incorporated herein by this reference.

43. Pursuant to 28 U.S.C. 2201(a), the Court should render a declaratory judgment as

to the priority status of the subject deeds of trust in favor of BOA and BB&T.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

    A.    That the Plaintiffs have and recover against the Defendants BOA and Delk a sum to be determined by the Court in the form of actual damages;

    B.    That the Plaintiffs have and recover against the Defendants BOA and Delk a sum to be determined by the Court in the form of statutory damages;

    C.    That the Plaintiffs have and recover against the Defendants BOA and Delk a sum to be determined by the Court in the form of punitive damages;

    D.    That the Plaintiffs have and recover against the Defendants BOA and Delk all reasonable legal fees and expenses incurred by their attorney;

    E.    That this Court order the Defendants BOA and Delk to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

    F.    That the Plaintiffs have and recover against Defendant Delk actual and punitive damages and legal fees;

    G.    That pursuant to 28 U.S.C. 2201(a), the Court render a declaratory judgment as to the priority status of the two subject deeds of trust in favor of BB&T and BOA; and

    H    That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Date this the 23rd day of March, 2007.

*[signature]*

_____
O. Max Gardner III
Law Offices of O. Max Gardner III, P.C.
Attorney for the Plaintiffs
N.C. State Bar No. 6164
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
Fax (704) 487-0619
maxgardner@maxgardner.com

5