FILED & JUDGMENT ENTERED
David E. Weich

Sep 14 2007

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **KEITH ALLEN HEFFNER and** ) | Case No. 06-40445 |
| **LESLIE STIDHAM,** ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____) | |
| ) | |
| ) | |
| **KEITH ALLEN HEFFNER and** ) | Adv. Proc. 07-4014 |
| **LESLIE STIDHAM,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | |
| ) | |
| **BANK OF AMERICA, N.A., BRANCH** ) | |
| **BANKING & TRUST CO., and** ) | |
| **JOSEPH C. DELK, III,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss of defendant Joseph C. Delk, III ("Delk") and the response thereto of the plaintiffs. The court has concluded that Delk's duty to

the plaintiffs was continuing in nature, so that their cause of action accrued within the limitations period of N.C. Gen. Stat. § 1-15(c).  Consequently, Delk's Motion to Dismiss the plaintiffs' claim for legal malpractice as time-barred must be denied.  The court will conduct a trial on the plaintiffs' third and fourth claims for relief on the October 26 term of court in Shelby at 1:00 p.m.

## Statement of the Case

1.   This matter arises out of the closing of a refinancing of the plaintiffs' residential mortgage in 2000.  The plaintiffs retained Delk to perform that closing.  In 2007, the plaintiffs filed a Complaint against Bank of America, N.A. ("Bank of America"), Delk, and Branch Banking & Trust Company ("BB&T") related to the refinance of their home.

2.   The Complaint stated four claims for relief:  (1) violation of the automatic stay of 11 U.S.C. § 362(a)(3); (2) violation of the Fair Debt Collection Practices Act; (3) legal malpractice; and (4) declaratory judgment.

3.   This matter came before the court for hearing on the motions to dismiss of Bank of America and Delk on July 27, 2007. At that hearing, the court granted the motion to dismiss of Bank of America with respect to the plaintiffs' first, second, and third claims for relief.  In addition, the court dismissed the plaintiffs' first and second claims for relief against Delk.

4. At the July 27 hearing, the court gave the plaintiffs and Delk additional time to brief the issue of whether the plaintiffs' third claim for relief, legal malpractice, is barred by the statutes of limitation and repose in N.C. Gen. Stat § 1-15(c).

## **Findings of Fact and Conclusions of Law**

5. The plaintiffs retained Delk to represent them in the closing of the refinancing of their home in July 2000.

6. As part of the refinance, the debtors entered into a loan with Bank of America, the proceeds of which were to be used to pay off the first deed of trust held by Midland Mortgage and an equity line of credit deed of trust in favor of BB&T.

7. The Complaint alleges that Delk failed to provide BB&T with the "close out letter" following the refinance, which was necessary to cancel the home equity line of credit. Consequently, the BB&T line of credit remained open, and BB&T's deed of trust remained uncancelled. The debtors thereafter have continued to draw on the line of credit and currently have an outstanding and unpaid balance of approximately $31,000 on the line of credit. BB&T's deed of trust pre-dates the Bank of America deed of trust filed upon the refinancing.

8. The plaintiff/debtors filed a Chapter 13 case with this court on August 13, 2006. The Complaint alleges that on August 10, 2006, three days before the debtors filed their

bankruptcy case, Delk sent a facsimile to BB&T requesting it close the equity line of credit and cancel its deed with the Rutherford County Register of Deeds. Attached to the facsimile was a "close out letter" purportedly signed by the debtors. Finally, in October 2006 Delk sent a letter to BB&T requesting it subordinate its deed of trust to Bank of America.

9. The plaintiffs filed this action against Bank of America, BB&T, and Delk on March 23, 2007.

10. A complaint should be dismissed for failure to state a claim upon which relief may be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). In addition, a party may raise a statute of limitations or repose defense in a motion to dismiss if it appears on the face of the complaint that such a statute bars a claim. See Oates v. JAG, Inc., 314 N.C. 276, 333 S.E.2d 222 (1985).

11. Delk argues that the plaintiffs' claim for legal malpractice is barred by the three year statute of limitations and four year statute of repose in N.C. Gen. Stat. § 1-15(c). Essential to that assertion is the argument that the malpractice

4

claim accrued on July 25, 2000, the date of the refinance, and this action was not commenced for nearly seven more years.

12. The plaintiffs, on the other hand, assert that the Complaint states facts showing that Delk had a continuing duty to send the "close out letter" in connection with the July 25, 2000, refinance and that the statute of limitations could not start running until that duty was complete or until the damage occurred. The plaintiffs contend the damage occurred when the plaintiffs filed bankruptcy on August 13, 2006.

13. N.C. Gen. Stat. § 1-15(c) provides as follows:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action. . . . [I]n no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action.

See N.C. Gen. Stat. § 1-15(c).

14. In support of his motion to dismiss, Delk primarily relies on Hargett v. Holland, 337 N.C. 651, 447 S.E.2d 784 (1994), McGahren v. Sanger, 118 N.C.App. 649, 456 S.E.2d 852 (1995), and Jordan v. Crew, 125 N.C.App. 712, 482 S.E.2d 735 (1997). Moreover, they assert that plaintiffs mistakenly rely on Sunbow Indus., Inc. v. London, 58 N.C.App. 751, 294 S.E.2d 409 (1982) in support of their position that Delk had a continuing duty to send the "close out letter."

5

15. The court disagrees and finds that this case is more like <u>Sunbow</u> than <u>Hargett</u>, <u>McGahren</u>, or <u>Jordan</u> and on that basis denies Delk's motion to dismiss plaintiffs' legal malpractice claim.

16. In <u>Hargett</u>, the court considered whether a claim for professional malpractice filed against an attorney for alleged negligence in drafting a will is barred by the statute of repose contained in N.C. Gen. Stat. § 1-15(c). <u>See</u> <u>Hargett</u>, 337 N.C. 651, 652, 447 S.E.2d 784, 786. The plaintiffs filed their claim more than 13 years after the attorney prepared the will and supervised its execution. The Supreme Court overturned the Court of Appeals in holding that under the arrangement alleged in the complaint, defendant's duty was to prepare and supervise the execution of the will and that he had no continuing duty thereafter to review or correct the will. The court noted that "[a]bsent allegations of an ongoing attorney-client relationship between testator and defendant with regard to the will from which such a continuing duty might arise, or allegations of facts from which such a relationship may be inferred, the allegations which are contained in the complaint are insufficient to place any continuing duty on the defendant to review or correct the prepared will, or to draft another will." <u>See</u> <u>id</u>. at 655-656, 447 S.E.2d at 788.

6

17. Similarly, the complaints in Jordan and McGahren stemmed from an attorney's negligent drafting of deeds. The Court of Appeals held in both Jordan and McGahren that the defendant attorney's last act for purposes of N.C. Gen. Stat. § 1-15(c) was the negligent drafting of the deeds rather than his failure and refusal to correct the drafting errors. See Jordan, 125 N.C.App. at 716, 482 S.E.2d at 737, McGahren, 118 N.C.App. at 653, 456 S.E.2d at 854.

18. In contrast, in Sunbow plaintiff retained the defendant attorney to represent it in the sale of certain assets to DBE, Inc. on May 27, 1976. Plaintiff subsequently sued the attorney for professional malpractice because he failed to file a financing statement in order to perfect plaintiff's security interest in the assets it had sold to DBE. DBE filed bankruptcy on September 25, 1978, and because plaintiff did not have a perfected security interest, it was subordinated as a creditor in DBE's bankruptcy. See Sunbow, 58 N.C.App. at 751, 294 S.E.2d at 409.

19. Plaintiff filed its complaint against the attorney on December 31, 1979, more than three years after the closing but less than three years after the filing of the bankruptcy. Thus, the issue for the Sunbow court was whether the defendant's last act giving rise to plaintiff's claim was the closing on May 27, 1976, or whether defendant had a continuing duty to file the

7

financing statement until immediately preceding DBE's bankruptcy filing. See id. at 751, 294 S.E.2d at 410.

20. The Court of Appeals found that the defendant did have a continuing duty to file the financing statement after the transaction closed and that that duty continued so long as filing the financing statement would protect some interest of the plaintiff. See id. Accordingly, the court held that the defendant's duty to file the financing statement continued until the time DBE filed bankruptcy, and it was on that date that the three statute of limitations of N.C. Gen. Stat. § 1-15(c) began to run, which was less than three years before the complaint was filed. See id. On that basis, the Court of Appeals reversed the Superior Court's dismissal of the plaintiff's malpractice claim and remanded the case back to the Superior Court.

21. The nature of the alleged malpractice in this case is more like that in Sunbow than in Hargett, McGahren, or Jordan. In Hargett, McGahren, and Jordan, the plaintiffs' malpractice claims arose out of the defendant attorneys' failure to correct an error or omission in drafting legal documents. In those cases, the attorneys were retained to draft documents and to supervise their execution. They completed those tasks but did so negligently. Thus, following the execution of the documents, the attorneys' contractual obligation ended, and the attorneys had no continuing duty to their clients.

22. In contrast, the plaintiffs in this case retained Delk to close the refinancing of their residential mortgage <u>and</u> to take the necessary steps following that closing to have BB&T cancel its home equity line of credit. Similarly, in <u>Sunbow</u>, the plaintiff retained the defendant attorney to represent it in the sale of assets <u>and</u> to take the required steps to perfect plaintiff's security interest in those assets. Just as the defendant in <u>Sunbow</u> had a continuing duty to perfect plaintiff's security interest, Delk had a continuing duty to send the "close out letter" to BB&T.

23. Delk's continuing duty can be inferred from the facts alleged in the Complaint, which states that on August 10, 2006, Delk sent a facsimile to BB&T with a "close out letter" attached in which he requested that BB&T close the equity line of credit. Clearly Delk believed he had a continuing duty to the plaintiffs or he would not have attempted to send the "close out letter" to BB&T six years after the closing of the refinance. Moreover, Delk sent a letter to BB&T in October 2006 requesting that the bank subordinate its deed of trust to Bank of America's.

24. In conclusion, Delk had a continuing duty to send the "close out letter" to BB&T up until the plaintiffs filed bankruptcy, and his attaching the "close out letter" to the August 10, 2006, facsimile to BB&T was his last act giving rise to the plaintiffs' malpractice claim. Because plaintiffs

9

instituted this action within three years of that date, their legal malpractice claim is not barred by the statute of limitations in N.C. Gen. Stat. § 1-15(c).  Accordingly, the court denies Delk's motion to dismiss plaintiffs' legal malpractice claim.

It is therefore **ORDERED** that:

1. Delk's motion to dismiss plaintiffs' third claim for relief, legal malpractice, is denied.

2. The court will conduct a trial on the plaintiffs' third and fourth claims for relief on October 26, 2007, at 1:00 p.m., at the United States Bankruptcy Court, Cleveland County Courthouse, 100 Justice Place, Shelby, North Carolina.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and Court's seal**
**appear at the top of the Order.**